IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SOUTHEASTERN LEGAL FOUNDATION, INC., | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION |
| v. | ) ) | FILE NO. _____ |
| NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, | ) ) ) ) ) | |
| Defendant. | ) | |

# COMPLAINT

Plaintiff Southeastern Legal Foundation, Inc. (SLF), for its Complaint against Defendant National Archives and Records Administration (NARA), states as follows:

## INTRODUCTION

1. The Freedom of Information Act (FOIA), 5 U.S.C. § 552, enacted in 1966, provides the public with a right of access to federal agency records.

2. The people must know what the government is doing. "Open government has been recognized as the best insurance that government is being

conducted in the public interest."[1] The Supreme Court has recognized that FOIA is "needed to check against corruption and to hold governors accountable to the governed."[2]

3. This is an action brought under FOIA to compel Defendant to produce records responsive to an outstanding FOIA request submitted to Defendant on June 9, 2022.

4. In its FOIA request, SLF sought copies of all emails President Joe Biden preserved through NARA from his time as vice president for the following email addresses: robinware456@gmail.com, JRBWare@gmail.com, and Robert.L.Peters@pci.gov.

5. Stories in JustTheNews.com and the New York Post, a letter from Sens. Ron Johnson and Chuck Grassley, and another letter from Rep. James Comer, Chairman of the House Committee on Oversight and Accountability, identify these three email addresses as having been used by Joe Biden when he was vice president to transmit official government information to his son, Hunter Biden, and to receive official government information from his vice-presidential staff.

---

[1]  *Am. Fed'n of Gov't Emp.'s v. Rosen*, 418 F. Supp. 205, 207 (N.D. Ill. 1976).

[2]  *News-Press v. U.S. Dep't of Homeland Sec.*, 489 F.3d 1173, 1190 (11th Cir. 2007) (quoting *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978)).

6. More than 14 months have elapsed since Defendant received SLF's FOIA request. Defendant has verified that approximately 5,138 responsive records exist, yet Defendant has failed to produce even a single document in response.

7. Accordingly, SLF files this lawsuit to compel Defendant to comply with FOIA.

## THE PARTIES

8. Plaintiff Southeastern Legal Foundation is a national nonprofit, public interest law firm and policy center that advocates constitutional individual liberties, limited government, and free enterprise in the courts of law and public opinion. SLF's programs include analysis, publication, and education on public transparency laws.

9. Defendant National Archives and Records Administration is a federal agency headquartered in Washington, D.C. By its own admission, Defendant has possession, custody, and control of the records to which SLF seeks access.

## JURISDICTION AND VENUE

10. SLF brings this lawsuit pursuant to FOIA. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this action is brought in the Northern District of Georgia where SLF has its principal place of business, and pursuant to 28

U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

11.    Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B), because this action is brought in the Northern District of Georgia where SLF has its principal place of business, and pursuant to 28 U.S.C. § 1391(e), because a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Georgia.

## FACTUAL BACKGROUND

12.    In an email dated June 9, 2022, SLF submitted a FOIA to Defendant (FOIA Request).

13.    A true and correct copy of the June 9, 2022, FOIA Request is attached to this Complaint as Exhibit 1.

14.    In the FOIA Request, SLF sought the following records:

(a)    Copies of all emails President Joe Biden preserved through the National Archives and Records Administration from his time as vice-president for the following email addresses:

robinware456@gmail.com

JRBWare@gmail.com

Robert.L.Peters@pci.gov

    (b)    Copies of all emails to and from the above three emails addresses that are preserved or possessed by NARA; and

    (c)    Any correspondence between Joe Biden and/or his legal or government representatives concerning the use of these emails and preservation of records from them from January 1, 2009, through the present.

(Exhibit 1 at 1.)

15. SLF sought a waiver of search, review, and reproduction fees pursuant to FOIA, 5 U.S.C. § 552(a)(4)(A)(iii), because the information sought is in the public interest, is likely to contribute to public understanding of the operations and activities of government, and because SLF has no commercial interest in the information. (Id. at 1-3.)

16. SLF also requested expedited processing of the FOIA Request under FOIA's compelling need provisions because the requested documents "provide compelling and urgent materials that will inform the public concerning actual or alleged federal government activity and possible wrongdoing." (Id. at 3.)

17. Finally, SLF requested that production of responsive documents be made electronically. (Id.)

18. On June 22, 2022, Defendant responded to the FOIA Request by email, stating that it had assigned the FOIA Request tracking number NGC22-596.

19. A true and correct copy of the June 22, 2022, NARA response is attached to this Complaint as Exhibit 2.

20. In addition, Defendant wrote:

> After conducting a search of our email system using the emails you provided, we were unable to locate any records responsive to your request. We also searched for any records relating to the preservation of records from the email addresses and were unable to locate any records. Since we do not have records responsive to your request, your request for a fee waiver is moot.

(Exhibit 2 at 1.)

21. Defendant's response also informed SLF that the FOIA Request "was also referred to the Archival Operations Division (LA) at our Washington DC facility for any records they may have within the records of the Vice President relating to your request." (Id.)

22. On June 24, 2022, Defendant's Archival Operations Division (AOD) responded to the FOIA Request in two emails.

23. A true and correct copy of the first AOD email from June 24, 2022, is attached to this Complaint as Exhibit 3.

24. The first AOD email provided a tracking number, 2022-0113-F, and denied SLF's request for expedited processing. (Exhibit 3 at 1.)

25.    A true and correct copy of the second AOD email from June 24, 2022, is attached to this Complaint as Exhibit 4.

26.    In the second AOD email on June 24, 2022, Defendant stated:

> We have performed a search of our collection for Vice Presidential records related to your request and have identified approximately 5,138 email messages, 25 electronic files and 200 pages of potentially responsive records that must be processed in order to respond to your request. Please keep in mind that these totals are an estimate and that all material processed may not be applicable to your specific topic.
>
> The staff of the Archival Operations Division is currently processing and reviewing FOIA requests that precede your request. To treat everyone equitably, we have placed your request in our Complex queue by the date it was received in our office.
>
> FOIA requests are processed and reviewed for access under provisions of the PRA and FOIA and are subject to the provisions of NARA regulations at 36 C.F.R. § 1270.46, which require that we notify the representatives of the former President and the incumbent President and the former Vice President prior to the release of any Vice Presidential records.[3] Also, it should be noted that documents processed in response to your request may be closed in whole or part in compliance with applicable PRA restrictions and FOIA exemptions.
>
> When processing is complete and the notification period has passed, we will inform you of the availability of the requested records. At that point, you may request copies of these records at a reproduction fee of $0.80 per page, or you can choose to view these documents in the

---

[3]    The referenced NARA regulations effectively add at least 60 days before responsive records are produced, even if the President does not assert a constitutionally based claim of privilege against disclosure. 36 C.F.R. 1270.48(a)-(b). If the President asserts a privilege claim, the Archivist does not disclose the records unless a court of competent jurisdiction directs the Archivist to release the record through a final court order that is not subject to appeal. Id. 1270.48(f)(2).

7

research room in the National Archives Building where a self-service copier is available for the price of $0.25 a page.

(Exhibit 4 at 1-2.)

27.     On November 25, 2022, SLF emailed Defendant requesting the status of the FOIA Request because SLF had heard nothing further from Defendant for more than five (5) months.

28.     A true and correct copy of the November 25, 2022, status request is attached to this Complaint as Exhibit 5.

29.     On December 5, 2022, Defendant responded through AOD in an email.

30.     A true and correct copy of the December 5, 2022, AOD response is attached to this Complaint as Exhibit 6.

31.     In the response of December 5, 2022, Defendant stated as follows:

As our June 24, 2022 letter stated, your request is in our Complex queue. We are currently processing and reviewing FOIA requests that precede your request. There are 28 FOIA requests in this queue that we received prior to your request. We will let you know as soon as processing is complete and the notification period has passed.

(Id.)

32.     On June 16, 2023, SLF emailed Defendant again requesting the status of the FOIA Request because SLF had heard nothing further from Defendant for more than six additional months and because the FOIA Request was now more than a year old.

33. A true and correct copy of the June 16, 2023, status request is attached to this Complaint as Exhibit 7.

34. SLF's June 16, 2023, status request noted that, "On December 5, 2022, you last updated us telling us that 28 requests took precedence over ours. We have received no further updates and no responsive documents." (Exhibit 7.)

35. The same day, Defendant responded by email.

36. A true and correct copy of the June 16, 2023, response is attached to this Complaint as Exhibit 8.

37. In the response of June 16, 2023, Defendant stated as follows:

> Thank you for following up with our office. We are still processing and reviewing FOIA requests that precede your request. The 28 complex FOIA requests in our queue that we received prior to your request include a significant volume of unprocessed records. We are happy to work with you to refine the scope of your request which could move you to a faster queue.

(Exhibit 8.)

38. As of the filing date of this Complaint, Defendant has not produced any documents.

39. As of the filing date of this Complaint, Defendant has failed to notify SLF of the scope of any responsive records Defendant intends to produce or withhold.

9

40. As of the filing date of this Complaint, Defendant has never provided an estimate of when its processing of the documents responsive to the FOIA Request will be completed.

41. As of the filing date of this Complaint, Defendant has never sought a ten (10) day extension in which to make the documents promptly available.

42. As of the filing date of this Complaint, Defendant has never said that any of the responsive documents are lawfully exempt from production.

43. As of the filing date of this Complaint, more than fourteen (14) months have now elapsed since Defendant received the FOIA Request on June 9, 2022.

44. Under 5 U.S.C. § 552(a)(6)(C)(i), SLF is deemed to have exhausted its administrative remedies with respect to its FOIA Request.

45. Defendant's admission that it has made no progress on any of the 28 requests in the queue ahead of SLF's Request demonstrates that it is not meeting its obligations under FOIA and that this Court's intervention is necessary to preserve the disclosure purposes of the Act.

46. More than 430 days have passed since Defendant acknowledged receipt of the FOIA request on June 22, 2022. Defendant has failed to meet the statutory requirement to make the records promptly available. Defendant is therefore in

violation of FOIA. *See also* 5 U.S.C. § 552(a)(6)(B)(I) (allowing Defendant to request a ten (10) day extension).

47. Accordingly, SLF files this lawsuit to compel Defendant to comply with FOIA.

## COUNT I

**(Violation of FOIA, 5 U.S.C. § 552)**

48. SLF realleges and incorporate all preceding allegations as if fully stated herein.

49. FOIA requires agencies subject to FOIA to make access to all "records promptly available to any person," subject to certain exceptions. 5 U.S.C. § 552(a)(3)(A).

50. Defendant is an agency subject to FOIA under 5 U.S.C. § 552.

51. SLF's FOIA Request properly seeks records within the possession, custody, and/or control of Defendant under FOIA, and the FOIA request complied with all applicable regulations regarding the submission of FOIA requests. Defendant's June 22 and June 24, 2022, emails to SLF are admissions of SLF's compliance.

52. Defendant is in violation of FOIA by failing and/or refusing to produce all non-exempt records responsive to the request.

53. SLF is being irreparably harmed by Defendant's violation of the FOIA and will continue to be irreparably harmed unless Defendant is compelled to comply with the FOIA.

54. Pursuant to 5 U.S.C. § 552(a)(6)(C)(i), SLF is deemed to have exhausted its administrative remedies with respect to the FOIA Request because Defendant was required to make responsive records promptly available and has failed to do so.

## **PRAYER FOR RELIEF**

**WHEREFORE, SLF respectfully requests the Court to grant the following relief:**

55. Enter an immediate order directing Defendant to preserve all records potentially responsive to the FOIA Request, and prohibiting Defendant, its employees, agents, or representatives from transporting, concealing, removing, destroying, or in any way tampering with records potentially responsive to said Request;

56. Enter an order declaring that Defendant has violated FOIA and that SLF is entitled to a true, accurate, and complete response to its FOIA Request;

57. Enter an order directing Defendant to conduct searches for all records responsive to the FOIA Request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the FOIA Request;

58. Enter an order directing Defendant to produce, by a certain date, all non-exempt records responsive to the requests and a *Vaughn* index of any responsive records withheld under claim of exemption;

59. Enter an order enjoining Defendant from continuing to withhold all non-exempt records responsive to the FOIA Request;

60. Award reasonable attorney fees, costs, and expenses pursuant to 5 U.S.C. 552(a)(4)(E); and,

61. Grant all other relief as this Court deems just and proper.

Respectfully submitted this 28th day of August, 2023.

Respectfully submitted,

By: /s/ Kimberly S. Hermann
Kimberly S. Hermann
Georgia Bar No. 646473
Braden H. Boucek
Georgia Bar No. 396831
Tennessee Bar No. 021399
David J. Myers
Georgia Bar No. 533072
Idaho Bar No. 6528
Southeastern Legal Foundation
560 W. Crossville Road, Suite 104
Roswell, Georgia 30075
(770) 977-2131
(770) 977-2134 (Fax)

*Attorneys for Plaintiff*