IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SOUTHEASTERN LEGAL FOUNDATION, INC. | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION |
| v. | ) ) | FILE NO. 1:23-cv-03819-LLM |
| NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, | ) ) ) ) ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

Plaintiff and Defendant hereby file their Joint Preliminary Report and Discovery Plan pursuant to Local Rule 16.2 as follows:

**1.     Description of the Case:**

**(a) Describe briefly the nature of this action.**

This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. Plaintiff Southeastern Legal Foundation, Inc. (SLF), brought suit to compel production of records responsive to a FOIA request, dated June 9, 2022, made to Defendant National Archives and Records Administration (NARA). Specifically, the FOIA request sought copies of all emails in three separate email accounts

purportedly used by President Biden during his time as Vice President and preserved through NARA.

NARA has completed a search for potentially responsive documents and is currently processing those documents for the purpose of producing non-exempt portions of any responsive records on a monthly rolling basis.  Given the scope of Plaintiff's FOIA request, which seeks copies of all emails in three separate accounts over an eight-year period, the volume of potentially responsive records is necessarily large. NARA has identified approximately 82,000 pages of potentially responsive documents, and it is currently processing those documents and preparing any non-exempt responsive documents for production on a rolling basis. In the meantime, Plaintiff intends to propose, and the parties will discuss, options to narrow the FOIA request in efforts to resolve this matter more expeditiously. Once the scope of the request is clarified through further discussions between the parties, and NARA has conducted a search for all documents potentially responsive to a narrowed request, the parties will discuss and attempt to reach agreement on the rate of processing all potentially responsive documents and then producing non-exempt portions of any responsive documents to Plaintiff. These discussions may affect the parties' positions about the appropriate next steps in the litigation.

As explained below, the parties agree that no discovery is necessary at this time and that any disputes on the merits may be resolved at summary judgment. *See Miscavige v. IRS*, 2 F.3d 366, 368-69 (11th Cir. 1993). Accordingly, the parties request that, at this time, the Court not enter a Rule 26(f) order setting a schedule for discovery or motions practice. *See Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (discussing "a trial court's inherent managerial power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" (quoting *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1012 (5th Cir. 1977), in turn quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936))); *see also* DDC LCvR 16.3(b) (exempting FOIA cases from the requirements of Fed. R. Civ. P. 16(b) and 26(f)). The parties respectfully submit that such an order is not necessary and would be premature, because the parties are still negotiating the scope of Plaintiff's request and the rate of processing. Moreover, NARA asserts that the full scope of responsive records and any applicable exemptions relevant for dispositive briefing is not yet known and will not be known until NARA finishes processing all potentially responsive records.

The parties therefore request that the Court instead issue an order requiring them to meet and confer and submit a joint status report by December 8, 2023, that informs the Court about: (1) the status of the parties' negotiations over any

narrowing of Plaintiff's FOIA request, (2) NARA's rates of processing and production of documents, and (3) a proposal for next steps in the case.

A proposed order is attached with this filing.

**(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiff seeks records from NARA in response to a FOIA request dated June 9, 2022. The request sought all emails from President Biden's time as Vice President for the following email addresses: robinware456@gmail.com, JRBWare@gmail.com, and Robert.L.Peters@pci.gov. The request is described more fully in the Complaint and exhibits attached to the Complaint.

**(c) The legal issues to be tried are as follows:**

As an initial matter, the parties agree that there are no issues to be tried; instead this case can be resolved on motions for summary judgment. *See, e.g.*, *Miscavige*, 2 F.3d at 368; *Cunningham v. F.A.A.*, No. 1:12-CV-3577-TWT, 2013 WL 4670559, at *6 (N.D. Ga. Aug. 29, 2013). The parties also agree that the scope of legal issues that may be decided at summary judgment will not be known until further in the proceedings and will be affected by the scope of the FOIA request as narrowed by Plaintiff and NARA's final response to the narrowed request.

**(d) The cases listed below (include both style and action number) are:**

      (1) Pending Related Cases: None.

      (2) Previously Adjudicated Related Cases: None.

**2.**     **This case is <u>not</u> complex.**

**3.**     **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

    Plaintiff:        Kimberly S. Hermann
                           Georgia Bar No. 646473

    Defendant:     Kyla M. Snow
                           Ohio Carolina Bar No. 96662

**4.**     **Jurisdiction**

Is there any question regarding this Court's jurisdiction?

\_\_\_ Yes     <u> X </u> No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.**     **Parties to This Action:**

    **(a)**     **The following persons are necessary parties who have not been joined:**

Neither Plaintiff nor Defendant contends at this time that there are any necessary parties who have not been joined.

    **(b)**     **The following persons are improperly joined as parties:**

Neither Plaintiff nor Defendant contends at this time that any of the named parties are improperly joined.

**(c)     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

Neither Plaintiff nor Defendant contends at this time that any of the named parties are inaccurately stated or have necessary portions of their names omitted.

**(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.     Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

**(a)     List separately any amendments to the pleadings that the parties anticipate will be necessary:**

Neither Plaintiff nor Defendant contends at this time that any amendments to the pleadings will be necessary.

**(b)     Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7. Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony: Daubert* motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

Plaintiff and Defendant agree that in FOIA cases, discovery is disfavored and generally inappropriate. *See Miscavige*, 2 F.3d at 369. As such, neither party seeks discovery at this time. Accordingly, the parties agree that typical timelines set by the Local Rules for submitting procedural and dispositive motions, which are tied to the

close of discovery, do not govern this FOIA matter where no discovery is presently sought and NARA has not completed its response to Plaintiff's (to-be narrowed) FOIA request. The parties respectfully submit that the timing of any procedural motions and motions for summary judgment should be addressed at a later date, after the scope of the FOIA request and the rates of production are clarified through further negotiations.

**8. Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).

Plaintiff and Defendant agree that in FOIA cases, discovery is generally disfavored. *See Miscavige*, 2 F.3d at 369. As such, neither party seeks Initial Disclosures at this time. Plaintiff reserves the right to seek discovery and initial disclosures at a later date if it reevaluates whether discovery is appropriate.

**9.   Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

The parties do not request a scheduling conference at this time.

**10. Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

Plaintiff and Defendant agree that in FOIA cases, discovery is disfavored and generally inappropriate. *See Miscavige*, 2 F.3d at 369. As such, neither party seeks discovery at this time. Plaintiff reserves the right to seek discovery and initial disclosures at a later date if it reevaluates whether discovery is appropriate. At that time, Plaintiff would request that this Court set a scheduling order.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

None at this time.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

> **(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

None at this time.

**(b) Is any party seeking discovery of electronically stored information?**

___Yes _X_ No

If "yes,"

    **(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

    **(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

**12. Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

The parties respectfully submit that no Rule 26(c) or Rule 16(b) or (c) orders are presently necessary in this FOIA case.

The parties request that the Court instead issue an order requiring them to meet and confer and submit a joint status report by December 8, 2023, that informs the Court about: (1) the status of the parties' negotiations over any narrowing of Plaintiff's FOIA request, (2) NARA's rates of processing and production of documents, and (3) a proposal for next steps in the case.

A proposed order is attached with this filing.

10

**13. Settlement Potential:**

**(a) Counsel for the parties certify by their signatures below that they conducted Rule 26(f) conferences that were held on October 10, 2023 and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

For plaintiff:  s/ Braden H. Boucek

For defendant: s/ Kyla M. Snow

**(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

(x) A possibility of settlement before discovery.
(_) A possibility of settlement after discovery.
(_) A possibility of settlement, but a conference with the judge is needed.
(_) No possibility of settlement.

**(c) Counsel (x) do or (_) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is to be determined.**

**(d) The following specific problems have created a hindrance to settlement of this case.**

The parties agree that settlement discussions are premature because the scope of any Plaintiff challenge to NARA's response cannot be known until NARA has completed production of any and all non-exempt records responsive to Plaintiff's FOIA request. After NARA completes production of any and all non-exempt records, the case may become moot (if Plaintiff does not challenge the agency's response or does not seek attorneys' fees), *see Perry v. Block*, 684 F.2d 121, 125

11

(D.C. Cir. 1982), or the case may be decided on summary judgment (if Plaintiff raises challenges), *Miscavige*, 2 F.3d at 369 ("FOIA cases should be handled on motions for summary judgment, once the documents in issue are properly identified."). If Plaintiff raises challenges to NARA's FOIA response, once completed, NARA will consider any such challenges and the parties may assess the possibility of settlement at that time.

**14. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (_) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day_____, of 20____.

(b) The parties (X) do not consent to having this case tried before a magistrate judge of this Court.


/s/ Kimberly S. Hermann                         /s/ Kyla M. Snow
Counsel for Plaintiff                                Counsel for Defendant

\* \* \* \* \* \* \* \* \* \* \* \*

## PROPOSED ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that, by December 8, 2023, the parties submit a Joint Status Report addressing: (1) the status of the parties' negotiations over any narrowing of Plaintiff's FOIA request; (2) NARA's rates of processing and production of documents; (3) proposals for next steps in the case.

IT IS SO ORDERED, this _____ day of _____, 2023.

_____
LEIGH MARTIN MAY
UNITED STATES DISTRICT JUDGE