IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SOUTHEASTERN LEGAL FOUNDATION, INC. | ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION |
| v. | ) ) ) | FILE NO. 1:23-cv-03819-LLM |
| NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, | ) ) ) ) | |
| Defendant. | ) ) | |

## STATUS REPORT

Pursuant to this Court's March 25, 2024, Order, ECF No. 20, Defendant National Archives and Records Administration (NARA) submits this Status Report to update the Court on NARA's processing of Plaintiff Southeastern Legal Foundation, Inc.'s Freedom of Information Act (FOIA) request.

This case concerns Plaintiff's June 2022 FOIA request seeking from NARA "copies of all emails President Joe Biden preserved through [NARA] from his time as vice president for" three specified email addresses and "any correspondence between Joe Biden and/or his legal or government representatives concerning the use of these emails." Compl. Ex. 1, ECF No. 1-1.

After the filing of the Complaint, the parties discussed ways of reducing the volume of documents to complete NARA's response to Plaintiff's FOIA request

1

more expeditiously. On November 20, 2023, Plaintiff proposed narrowing its request by applying 221 search terms with "or" connectors and no limiting dates. *See* ECF No. 12 at 2–6. Those terms return approximately 4,900 hits. Applying an estimated average length of 6 pages per document, NARA estimates those initial search terms would reflect 29,370 pages of records potentially responsive to Plaintiff's narrowed request.[1]

Since this Court's March 25 hearing, the parties have continued to confer about Plaintiff's request. On April 1, Plaintiff provided NARA with a list of 66 of its 221 search terms that it requested NARA prioritize. As NARA explained to Plaintiff, those 66 priority terms returned at least approximately 3,600 hits. NARA then offered to process records that hit on those 66 terms in an order of Plaintiff's choosing. On April 22, Plaintiff provided the order it requested NARA process its prioritized search terms. NARA began processing records pursuant to that priority list in May. As explained in prior filings, the Presidential Records Act requires NARA to provide the incumbent President and the President and Vice-President who

---

[1] The number of potentially responsive records hit by Plaintiff's search terms are higher than NARA initially reported in prior filings. *See* ECF No. 15 at 5-6. This is because NARA later determined that it had inadvertently omitted one of Plaintiff's requested terms—any emails with a ".gov" domain—from its results. Correcting that error added approximately 1,800 potentially responsive email records and, using an estimate of 6 pages per record, approximately 11,000 pages. *See* Decl. of Elizabeth Fidler ¶ 15, ECF No. 15-1 ("2d Fidler Decl.") (estimating approximately 3,000 emails and 18,000 pages potentially responsive to Plaintiff's narrowed request prior to discovery of inadvertent omission).

2

were in office when the records were created with 60 working days—which may be extended once, for an additional 30 working days—to review and assert any claim of constitutionally based privilege over the records before their release. 44 U.S.C. § 2208(a)(1)(A), (a)(3)(A)-(B); *id.* § 2207; *see also* ECF No. 12 at 14–15. Beginning in February, NARA has made monthly rolling productions of nonexempt records it processed prior to Plaintiff's prioritization request. Assuming no extension is invoked, NARA will release the first tranche of nonexempt responsive documents pursuant to Plaintiff's priority order in August 2024.

NARA has also continued to exceed its commitment to process at least 600 pages per month ("ppm") since the March 25 hearing. *See* 2d Fidler Decl. ¶ 12, 34 (explaining that NARA's commitment to process 600 ppm here is "more than double NARA's standard processing rate"). In the three months since the Court's hearing, NARA processed 664 pages, 1,079 pages, and 862 pages, respectively, for a three-month average of over 850 ppm.

There are approximately 2,000 records remaining for NARA to process on Plaintiff's prioritization list, or approximately 12,000 pages using NARA's estimate of 6 pages per record. Assuming NARA processes 600 ppm—which is well below NARA's average rate to date—processing of Plaintiff's priority list would be completed in approximately 20 months. There are an additional approximately 1,500 potentially responsive records that hit Plaintiff's initial search terms that were

excluded from Plaintiff's priority list. Again assuming a 600 ppm rate, processing those additional records would take approximately 15 additional months.

Based on NARA's substantial progress on Plaintiff's FOIA request and because it has routinely exceeded the 600 ppm processing rate it has committed to meet, NARA respectfully requests that the Court permit it to continue processing documents without further judicial intervention at this time. NARA respectfully proposes filing its next status report in three months.

Dated: June 25, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*/s/ Jacob S. Siler*
JACOB S. SILER
D.C. Bar No. 1003383
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone: (202) 353-4556
Facsimile: (202) 616-8460
Email: jacob.s.siler@usdoj.gov

*Counsel for Defendant*