IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SOUTHEASTERN LEGAL FOUNDATION, INC. ) ) ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | FILE NO. 1:23-cv-03819-LLM |
| ) | |
| NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, ) ) ) ) | |
| Defendant. ) | |

## STATUS REPORT

Pursuant to this Court's March 25, 2024, Order, ECF No. 20, and Defendant National Archives and Records Administration's (NARA) January 3, 2025, Status Report, ECF No 23 (requesting that NARA's next status report be filed in three months), NARA submits this Status Report to update the Court on NARA's processing of Plaintiff Southeastern Legal Foundation, Inc.'s Freedom of Information Act (FOIA) request.

This case concerns Plaintiff's June 2022 FOIA request seeking from NARA "copies of all emails President Joe Biden preserved through [NARA] from his time as vice president for" three specified email addresses and "any correspondence between Joe Biden and/or his legal or government representatives concerning the use of these emails." Compl. Ex. 1, ECF No. 1-1.

On November 20, 2023, Plaintiff proposed narrowing its request by applying 221 search terms with "or" connectors and no limiting dates. *See* ECF No. 12 at 2–6. Those terms returned approximately 4,900 hits. Applying an estimated average length of 6 pages per document, NARA estimates those initial search terms will reflect roughly 29,370 pages of records potentially responsive to Plaintiff's narrowed request. After the Court's March 25, 2024, hearing, Plaintiff provided NARA with a list of 66 of its 221 search terms that it requested NARA prioritize, and those 66 priority terms returned at least approximately 3,600 hits. Since May 2024, NARA has been processing the prioritized search terms in the order that Plaintiff requested.

As explained in prior filings, the Presidential Records Act (PRA) requires NARA to provide the incumbent President and the President and Vice-President who were in office when the records were created with 60 working days—which may be extended once, for an additional 30 working days—to review and assert any claim of constitutionally based privilege over the records before their release. 44 U.S.C. § 2208(a)(1)(A), (a)(3)(A)-(B); *id.* § 2207; *see also* ECF No. 12 at 14–15. The PRA also sets another timeline that is relevant to NARA's current processing. Specifically, the PRA provides that if the 60-working-day period, or any 30-working-day extension of that period, "would otherwise expire during the 6-month period after the incumbent President first takes office, then that 60-day period

or extension, respectively, shall expire at the end of that 6-month period." 44 U.S.C. § 2208(a)(3)(C).

Beginning in February 2024, NARA has made monthly rolling productions of nonexempt responsive records it processed prior to Plaintiff's prioritization request. Beginning in August 2024, NARA has made monthly rolling productions of nonexempt responsive documents pursuant to Plaintiff's priority order. NARA will continue to produce, after the expiration of the relevant PRA review periods, nonexempt responsive documents in Plaintiff's priority order.

NARA has also continued to exceed its commitment to process at least 600 pages per month ("ppm") since the March 25 hearing. *See* 2d Fidler Decl. ¶ 16, 34, ECF No. 34 (explaining that NARA's commitment to process 600 ppm here is "more than double NARA's standard processing rate"). As noted in NARA's last status report, NARA processed an average of over 708 ppm during the three-month period covered by that report. *See* Sept. 25, 2024, Status Report. Over the last three months, NARA has reviewed an average of 764 ppm—842 pages in January, 652 pages in February, and 799 pages in March. NARA is continuing to process documents, and make PRA notifications related to processed documents, on a monthly rolling basis.

There are approximately 1,897 records remaining for NARA to process on Plaintiff's prioritization list, and an additional approximately 1,500 potentially

responsive records that hit Plaintiff's initial search terms that were excluded from Plaintiff's priority list. NARA had previously estimated that documents averaged approximately 6 pages each. While the average page length for documents processed over the last three months has been higher than initially estimated, NARA is continuing to process all potentially responsive documents expeditiously and according to Plaintiff's priorities.

The parties are also working collaboratively to resolve Plaintiff's questions about NARA's processing and releases. Based on NARA's substantial progress on Plaintiff's FOIA request and because it has routinely exceeded the 600-ppm processing rate it has committed to meet, NARA respectfully requests that the Court permit it to continue processing documents without further judicial intervention at this time. NARA respectfully proposes filing its next status report in three months.

Dated: April 3, 2025               Respectfully submitted,

                                   YAAKOV M. ROTH
                                   Acting Assistant Attorney General

                                   MARCIA BERMAN
                                   Assistant Branch Director

                                   */s/ Jacob S. Siler*
                                   JACOB S. SILER (DC Bar No. 1003383)
                                   Trial Attorney
                                   Civil Division, Federal Programs Branch
                                   U.S. Department of Justice
                                   1100 L Street, NW

Washington, DC 20005
Phone: (202) 353-4556
Facsimile: (202) 616-8460
Email: jacob.s.siler@usdoj.gov

*Counsel for Defendant*