IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SOUTHEASTERN LEGAL FOUNDATION, INC. | ) ) ) |
| Plaintiff, | ) CIVIL ACTION ) |
| v. | ) FILE NO. 1:23-cv-03819-LLM ) |
| NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, | ) ) ) ) ) |
| Defendant. | ) |

## STATUS REPORT

Pursuant to this Court's July 3, 2025, Order, ECF No. 29, NARA submits this Status Report to update the Court on NARA's processing of Plaintiff Southeastern Legal Foundation, Inc.'s Freedom of Information Act (FOIA) request.

This case concerns Plaintiff's June 2022 FOIA request seeking from NARA "copies of all emails President Joe Biden preserved through [NARA] from his time as vice president for" three specified email addresses and "any correspondence between Joe Biden and/or his legal or government representatives concerning the use of these emails." Compl. Ex. 1, ECF No. 1-1.

On November 20, 2023, Plaintiff proposed narrowing its request by applying 221 search terms with "or" connectors and no limiting dates. *See* ECF No. 12 at 2–6. Those terms returned approximately 4,900 hits. Applying an estimated average

length of 6 pages per document, NARA estimated that those initial search terms would reflect roughly 29,370 pages of records potentially responsive to Plaintiff's narrowed request. After the Court's March 25, 2024, hearing, Plaintiff provided NARA with a list of 66 of its 221 search terms that it requested NARA prioritize, and those 66 priority terms returned at least approximately 3,600 hits. Since May 2024, NARA has been processing the prioritized search terms in the order that Plaintiff requested.

As explained in prior filings, the Presidential Records Act (PRA) requires NARA to provide the incumbent President and the President and Vice-President who were in office when the records were created with 60 working days—which may be extended once, for an additional 30 working days—to review and assert any claim of constitutionally based privilege over the records before their release. 44 U.S.C. § 2208(a)(1)(A), (a)(3)(A)-(B); *id*. § 2207; *see also* ECF No. 12 at 14–15. The PRA also provides that if the 60-working-day period, or any 30-working-day extension of that period, "would otherwise expire during the 6-month period after the incumbent President first takes office, then that 60-day period or extension, respectively, shall expire at the end of that 6-month period." 44 U.S.C. § 2208(a)(3)(C).

Beginning in February 2024, NARA has made monthly rolling productions of nonexempt responsive records it processed prior to Plaintiff's prioritization request. Beginning in August 2024, NARA has made monthly rolling productions of

2

nonexempt responsive documents pursuant to Plaintiff's priority order. NARA produced the nonexempt responsive documents that were subject to the extended notification period for the 6-month period after the incumbent President first takes office on July 24, 2025.

As the Court is aware, appropriations for most federal agencies, including NARA, lapsed at midnight on October 1, 2025. *See* ECF No. 30 (administrative order staying civil litigation in which the United States is a party). NARA staff responsible for processing Plaintiff's FOIA request were furloughed during that lapse and therefore could not meet the agreed processing rate during the month of October. Appropriations for NARA were restored on November 13, 2025. NARA expects to issue its October 2025 release (corresponding to NARA's July 2025 review) this week. As funding was restored approximately two weeks before the end of November and in light of the upcoming Thanksgiving holiday, NARA will process at least 300 pages this month and at least 600 pages in December. NARA will then provide the notice required by 44 U.S.C. § 2208(a)(1)(A), which commences the 60-working-day notice period described above, for all records processed in November and December by late December.

Outside the period during which appropriations funding NARA's operations lapsed, NARA exceeded its commitment to process at least 600 pages per month ("ppm") since the March 25, 2024 hearing. As noted in NARA's last status report,

3

NARA processed an average of 712 ppm during the three-month period covered by that report. *See* July 3, 2025, Status Report, ECF No. 28. Over the subsequent three months, NARA reviewed an average of 957 ppm—705 pages in July, 982 pages in August, and 1,184 pages in September. Now that funding has been restored, NARA will continue processing documents, and making PRA notifications related to processed documents, on a monthly rolling basis.

There are approximately 1,843 records remaining for NARA to process on Plaintiff's prioritization list, and an additional approximately 1,500 potentially responsive records that hit Plaintiff's initial search terms that were excluded from Plaintiff's priority list. NARA had previously estimated that documents averaged approximately 6 pages each. The average page length for documents processed over the last six months has been substantially higher than initially estimated. NARA is continuing to process all potentially responsive documents expeditiously and according to Plaintiff's priorities.

The parties have also engaged in collaborative discussions to resolve Plaintiff's questions about NARA's processing and releases. Based on NARA's substantial progress on Plaintiff's FOIA request and because it has routinely exceeded the 600-ppm processing rate it has committed to meet, NARA respectfully requests that the Court permit it to continue processing documents without further

judicial intervention at this time.  NARA respectfully proposes filing its next status report in three months.

Dated:  November 18, 2025        Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Branch Director

*/s/ Jacob S. Siler*
JACOB S. SILER (DC Bar No. 1003383)
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone: (202) 353-4556
Facsimile: (202) 616-8460
Email: jacob.s.siler@usdoj.gov

*Counsel for Defendant*